UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANNETTE BAYLES, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>THE HERTZ CORPORATION,<br><br>Defendant. | Civil Case No.: 1:22-cv-1092<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1. Annette Bayles ("Plaintiff") brings this class action against The Hertz Corporation ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6. For example, Defendant directed artificial or prerecorded voice messages to

1

Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Indianapolis, Indiana.

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a Delaware Corporation with its principal place of business in Florida.

10. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## Factual Allegations

11. Plaintiff is, and has been for the relevant time period, the customary user of her cellular telephone number—(317) XXX-2671.

12. Plaintiff has no other phone numbers.

13. In May of 2022, Defendant began placing calls to telephone number (317) XXX-2671, intending to reach someone other than, and unknown to, Plaintiff.

14. Plaintiff received at least 10 such calls.

15. Defendant used an artificial or prerecorded voice in connection with the calls it placed to telephone number (317) XXX-2671.

16. For example, on at least one occasion in 2022 Defendant placed a call to telephone number (317) XXX-2671 and delivered the following artificial or prerecorded voice message:

> This is the Hertz Corporation calling on behalf of Hertz, Dollar, or Thrifty. Our records indicate the vehicle you rented is overdue. It is urgent you contact us at 800-552-8482 option 2 to discuss the return of your rental. Please provide the following rental agreement number when you call.

17. Plaintiff did not recently have a rental from Defendant and knows of no association with anyone who did.

18. Indeed, prior to filing this lawsuit, counsel for Plaintiff contacted Defendant regarding the calls and Defendant did not deny delivering prerecorded voice messages to Plaintiff.

19. Defendant placed its calls and delivered its prerecorded voice messages from telephone number (800) 552-8482.

20. When dialed, telephone number (800) 552-8482 reaches a Hertz employee.

21. NoMoRobo, which won the FTC's competition for tracking robocalls, has reported that telephone number as a "robocaller". https://www.nomorobo.com/lookup/800-552-8482. (Last visited May 25, 2022).

22. Indeed, other individuals not associated with Hertz have complained about receiving the same calls:

> Received call from this number and they act as if there from Hertz, Stating I have a over due car and gave me rental #. Told them I didn't rental anything from Hertz, to remove my number and if they don't I will call the FTC and report them. Lady wanted my name, and I wouldn't give it to her. She was getting pushy and I hung up on her.

https://800notes.com/Phone.aspx/1-800-552-8482. (Last visited May 25, 2022).

23. On a number of occasions Plaintiff answered calls from Defendant and listened to an artificial or prerecorded voice message that Defendant delivered.

24. On at least May 9, 2022 and May 11, 2022, Plaintiff informed Defendant that it was calling the wrong person.

25. Defendant, however, continued to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (317) XXX-2671.

26. Defendant placed the subject calls to telephone number (317) XXX-2671 in an effort to reach a third party not related to Plaintiff in any personal or professional manner.

27. Plaintiff does not know the person Defendant intended to reach by placing the subject calls to telephone number (317) XXX-2671.

28. Plaintiff does not have, nor did she have, an overdue rental from Defendant.

29. Plaintiff is not, nor was, a customer of Defendant.

30. Plaintiff does not, nor did, owe any money to Defendant.

31. Plaintiff did not provide telephone number (317) XXX-2671 to Defendant.

32. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (317) XXX-2671.

33. Defendant placed the subject calls to telephone number (317) XXX-2671 voluntarily.

34. Defendant placed the subject calls to telephone number (317) XXX-2671 under its own free will.

35. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (317) XXX-2671

36. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice message, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

37. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

38. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class and subclass:

*Class*: All persons throughout the United States (1) to whom The Hertz Corporation placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Hertz Corporation customer, accountholder, or authorized user, (3) in connection with which The Hertz Corporation used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

*Subclass*: All persons throughout the United States (1) to whom The Hertz Corporation placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Hertz Corporation customer, accountholder, or authorized user, (3) in connection with which The Hertz Corporation used an artificial or prerecorded voice, (4) after the called party informed The Hertz Corporation that the telephone number it called was a wrong or reassigned telephone number, or instructed The Hertz Corporation to stop placing calls to the telephone number, (5) from four years prior to the filing of this case through the date of class certification.

39. Excluded from the class and subclass are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

40. Upon information and belief, the members of the class and subclass are so numerous that joinder of all of them is impracticable.

41. The exact number of the members of the class and subclass are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

42. The members of the class and subclass are ascertainable because they are defined by reference to objective criteria.

43. In addition, the members of the class and subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

44. Plaintiff's claims are typical of the claims of the members of the class and subclass.

45. As it did for all members of the class and subclass, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

46. Plaintiff's claims, and the claims of the members of the class and subclass, originate from the same conduct, practice, and procedure on the part of Defendant.

47. Plaintiff's claims are based on the same theories as the claims of the members of the class and subclass.

48. Plaintiff suffered the same injuries as the members of the class and subclass.

49. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass.

50. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class and subclass.

51. Plaintiff will vigorously pursue the claims of the members of the class and subclass.

52. Plaintiff has retained counsel experienced and competent in class action litigation.

53. Plaintiff's counsel will vigorously pursue this matter.

54. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class and subclass.

55. The questions of law and fact common to the members of the class and subclass predominate over questions that may affect individual members of the class and subclass.

56. Issues of law and fact common to all members of the class and subclass are:

    a. Defendant's violations of the TCPA;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

    c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

    d. Defendant's use of an artificial or prerecorded voice; and

    e. The availability of statutory penalties.

57. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

58. If brought and prosecuted individually, the claims of the members of the class and subclass would require proof of the same material and substantive facts.

59. The pursuit of separate actions by individual members of the class and subclass would, as a practical matter, be dispositive of the interests of other members of the class and subclass, and could substantially impair or impede their ability to protect their interests.

60. The pursuit of separate actions by individual members of the class and subclass could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

61. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class and subclass.

62. The damages suffered by individual members of the class and subclass may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class and subclass to redress the wrongs done to them.

63. The pursuit of Plaintiff's claims, and the claims of the members of the class and subclass, in one forum will achieve efficiency and promote judicial economy.

64. There will be little difficulty in the management of this action as a class action.

65. Defendant has acted or refused to act on grounds generally applicable to the members of the class and subclass, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

66. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-65.

67. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class and subclass, without consent.

68. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class and subclass under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class and subclass under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone

  numbers of members of the class and subclass, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class and subclass damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: May 26, 2022

        */s/ Michael L. Greenwald*
        Michael L. Greenwald
        GREENWALD DAVIDSON RADBIL PLLC
        5550 Glades Road, Suite 550
        Boca Raton, Florida 33431
        Tel: (561) 826-5477
        mgreenwald@gdrlawfirm.com

        Anthony I. Paronich, Esquire
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        Tel: (617) 485-0018
        Fax: (508) 318-8100
        anthony@paronichlaw.com

        *Counsel for Plaintiff and the proposed class and subclass*